IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03237-MEH

MELEAHA R. GLAPION,

    Plaintiff,

v.

JULIAN CASTRO, Secretary, U.S. Department of Housing and Urban Development,

    Defendant.

## ORDER ON DEFENDANT'S MOTION TO COMPEL

**Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is Defendants's Motion to Compel [filed August 21, 2015; docket #438]. For the reasons that follow, the Court **grants in part** and **denies in part** the Defendant's Motion. Although permitted the opportunity to do so, Plaintiff filed no response within the time allotted by D.C. Colo. LCivR 7.1(d).[1]

Plaintiff, appearing *pro se*, initiated this Title VII action alleging discriminatory and retaliatory treatment against her by the U.S. Department of Housing and Urban Development. Complaint, docket #1. Plaintiff, who filed a total of three Title VII cases in 2014 – all currently before this Court – requested administrative closure of the above-captioned case along with one other in order to focus more exclusively on the first case, on which Plaintiff says the other two cases ultimately rely. *See* Motion for Administrative Closure, docket #35. The Court denied the motion. Minute Order, docket #36. Defendant then filed the present Motion seeking an order compelling

---

[1]The Court notes that the motion to compel contains a certificate of service indicating that it was properly served upon Plaintiff in accordance with Fed. R. Civ. P. 5 and the accompanying local rules.

Plaintiff to respond to interrogatories, requiring her to provide the factual bases of her claims, and asserting Plaintiff's objections and responses to be improper. *See* Motion to Compel, docket #38.

The scope of evidence that is subject to discovery under the federal rules is broad:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1). The party objecting to discovery must establish that the requested discovery does not fall under the scope of relevance as defined in Rule 26(b)(1). *Simpson v. Univ. of Colo.*, 220 F.R.D. 354, 359 (D. Colo. 2004). "The Federal Rules of Civil Procedure give a district court ample tools to deal with a recalcitrant litigant." *Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993).

Here, the Plaintiff's objections to interrogatory one, two and three all read as follows:

> Plaintiff reiterated and restates each Objection from above, and adds that this Interrogatory is redundant (answers and several documents were already produced in EEO proceedings which ascertain this interrogatory); contains multipart questions/numerous; unwritten opinion work product is entitled to the protection of absolute work product; AND unduly burdensome.

Motion to Compel, docket #38 at 1, 6, 7 (although the objection to interrogatory number three, which inquires about employment applications Plaintiff may believe were adversely affected by discrimination or retaliation, adds: "within federal possession, custody, and control of HUD and/or the Office of Personnel Management").

The Court agrees with Defendant that Plaintiff's responses are improper. Defendant's discovery requests, on their face, appear to be relevant to the claims and defenses raised in this matter pursuant to Fed. R. Civ. P. 26(b)(1). *See* Defendant's Interrogatories to Plaintiff, docket #38

at 1-2, 6, 7.  In responding to interrogatories, Plaintiff may not merely point to other documents in the case and label the interrogatory "redundant."  In addition, the requests, while multi-part, do not exceed the limits set forth in the Scheduling Order.  They also do not fall within work product as the Court agrees with Defendant's characterization that the interrogatories ask for a basic description of the allegedly discriminatory/retaliatory acts: who what, where, when, and how.  *See* Motion to Compel, docket #38 at 2.  Finally, as to interrogatory number three, Plaintiff does not properly answer the question posed by simply noting that Defendant has the employment applications; the question asks her to state separately which employment applications she believes to have been adversely affected by discrimination or retaliation and for which she is seeking damages in her Complaint.  *See* docket #38 at 7.  Simply responding that the employment applications are in the possession of the government is non-responsive.

Therefore, the Court grants the Motion to Compel and orders Plaintiff **on or before September 30, 2015**, to answer each of Defendant's interrogatories listed in the Motion without simply referencing other documents as sources from which Defendant should glean answers.  However, the Court denies Defendant's request for fees.  Based on conversations held at status conferences with the parties, the Court deems circumstances exist making an award of expenses in this case unjust pursuant to Fed. R. Civ. P. 37(a)(5).

Accordingly, for the reasons stated above, it is hereby ORDERED that Defendant's Motion to Compel [filed August 21, 2015; docket #38] is **granted in part** and **denied in part** as specified herein.

4

Dated at Denver, Colorado, this 15th day of September, 2015.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge